IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE PLUMBERS AND     :
GASFITTERS LOCAL 5 RETIREMENT   :
SAVINGS FUND, et al.

                                               :

    v.                             :   Civil Action No. DKC 11-2610

                                               :

UTLEY MECHANICAL, INC.          :

                                             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action arising under the Employee Retirement Income Security Act of 1974 ("ERISA") is a supplemental motion for default judgment filed by Plaintiffs, the trustees of the Plumbers and Gasfitters Local 5 Retirement Savings Fund, the Plumbers and Pipefitters Apprenticeship Fund, Vacation Fund, Communication and Productivity Fund, Industry Fund, and Medical Fund (collectively, "the Local 5 Funds"), and the trustees of the Plumbers and Pipefitters National Pension Fund and International Trading Fund (together, "the National Pension Funds"). (ECF No. 18). Plaintiffs have also filed a motion to seal two exhibits submitted in support of their supplemental motion. (ECF No. 19). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the supplemental motion

for default judgment will be granted and the motion to seal will be granted in part and denied in part.

## I.    Background

On November 26, 2012, the court issued a memorandum opinion and order granting in part and denying in part an initial motion for default judgment filed by the trustees for the Local 5 Funds and the National Pension Funds (together, "the Funds") and the Plumbers Local Union No. 5 ("the Union").  *See Trustees of the Plumbers and Gasfitters Local 5 Retirement Savings Fund, et al. v. Utility Mechanical, Inc.*, Civ. No. DKC-11-2610, 2012 WL 5928691 (D.Md. Nov. 26, 2012).[1]  After finding that Plaintiffs had established liability, the court explained that essentially five categories of relief were sought: (1) amounts due to the Funds related to Defendant's breach of a settlement agreement; (2) amounts due to the Funds for unpaid contributions, liquidated damages, and interest from January 2011 to February 2012; (3) unpaid working assessments and dues owed to the Union; (4) attorneys' fees and costs; and (5) injunctive relief in the form of an audit of Defendant's records.

As to the last three categories, Plaintiffs demonstrated entitlement to relief.  Specifically, the court found they were entitled to union dues in the amount of $11,957.77, attorneys'

---

[1]    The caption of the prior opinion incorrectly named Defendant as "Utility Mechanical, Inc."  The proper name, as noted in the body of the opinion, is "Utley Mechanical, Inc."

fees in the amount of $1,603.75, costs totaling $485.00, and an order requiring Defendant to submit to an audit of its records for the period from January 2008 to the date of judgment. It was further determined that the declaration submitted in support of the amounts sought by the National Pension Funds for unpaid contributions, liquidated damages, and interest from January 2011 to February 2012 established entitlement to a total amount of $80,803.85. The court was unable, however, to "prove up" the damages sought by the Funds with respect to breach of the settlement agreement or the damages sought by the Local 5 Funds for unpaid contributions from January 2011 to February 2012. As to those amounts, the Funds were permitted to file a supplemental motion for default judgment within fourteen days.

On December 10, 2012, the Funds filed additional motion papers, seeking a "supplemental amount of $353,229.40." (ECF No. 18, at 1).[2] The following day, they filed a motion to seal

---

[2] This amount is sought in addition to the amount the court previously found Plaintiffs were entitled. It is not true, as the Funds suggest, that the court "previously entered a partial default judgment in the amount of $94,850.37." (ECF No. 18, at 1). Rather, it merely found that Plaintiffs were "entitled" to a judgment in that amount. (ECF No. 17 ¶ 2). No judgment has yet been entered.

two exhibits submitted in support of the supplemental motion. (ECF Nos. 19-22).[3]  No opposition papers have been filed.

## II.  Supplemental Motion for Default Judgment

### A.  Standard of Review

Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount."  *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).  Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded."  *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2nd Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981)).  While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed

---

[3] They separately filed a "line to seal" (ECF No. 19); the two exhibits, under seal (ECF Nos. 20, 21); and a certificate of service (ECF No. 22).

affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

### B.   Breach of the Settlement Agreement

The Funds allege damages totaling $199,365.18 related to Defendant's breach of the settlement agreement.  In support of this amount, they submit the supplemental declaration of James E. Killeen, III, the trustee of the Local 5 Funds, along with a copy of the settlement agreement and a spreadsheet demonstrating payments made by Defendant.   This evidence reflects that Defendant owed a total amount of $270,811.89 under the settlement agreement, consisting of $196,966.30 in unpaid contributions and $63,743.24 in liquidated damages, plus interest.  The parties agreed that the Funds would consider waiving the liquidated damages amount if Defendant made timely payments, and the payment schedule was based on a principal amount of $206,468.64 (*i.e.*, $270,811.89 – $63,743.24). Defendant made seven payments, totaling $81,933.79, but then stopped making payments altogether.  Thus, under the reduced

principal amount, Defendant owes a total of $124,534.85 (*i.e.*, $206,468.64 - $81,933.79). Adding in the original liquidated damages amount of $63,743.24 and interest totaling $11,087.09, Plaintiffs have established entitlement to a total amount of $199,365.18.

### C.    Contributions from January 2011 to February 2012

The evidence further supports an award of $153,864.21 to the Local 5 Funds for unpaid contributions, liquidated damages, and interest owed from January 2011 to February 2012.    Mr. Killeen's declaration demonstrates that, pursuant to its obligations under the collective bargaining agreements ("CBAs"), Defendant submitted contribution reports identifying the number of hours worked by covered employees and the amounts owed during this period.    An attached exhibit shows that Defendant failed to make payments for certain months and made untimely payments for others.    Under the CBAs, the Local 5 Funds are entitled to recover all unpaid contributions; liquidated damages of twenty percent of any unpaid or untimely contributions; and interest accruing at the rate of ten percent per annum.    The evidence submitted by the Local 5 Funds shows that Defendant owes contributions in the amount of $123,666.76, liquidated damages of $22,080.26, and interest totaling $8,117.19.    The Local 5 Funds are, therefore, entitled to a default judgment in the

total amount of $153,864.21 related to unpaid contributions from January 2011 to February 2012.

## III. Motion to Seal

The Funds have also filed a motion to seal certain exhibits offered in support of their supplemental motion for default judgment. Generally, a motion to seal must comply with Local Rule 105.11, which provides, in relevant part:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections

This rule endeavors to protect the common law right to inspect and copy judicial records and documents, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), while recognizing that competing interests sometimes outweigh the public's right of access, *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The Funds have not advanced any argument in support of their motion to seal; rather, they merely filed a "line to seal" that was improperly docketed as a motion. Moreover, neither of the documents in question is necessary to resolve the supplementary motion for default judgment. Nevertheless, one of the documents, a contribution report dated January 1, 2011 (ECF

No. 18-6), contains the social security numbers of certain employees, although the same document is separately docketed with this information redacted (ECF No. 21). In the interest of protecting the privacy of these individuals, the unredacted version of this document will be placed under seal. In all other respects, however, Plaintiffs' motion will be denied.

## IV.  Conclusion

For the foregoing reasons, Plaintiffs' supplemental motion for default judgment will be granted and their motion to seal will be denied. A separate order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge